IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-314-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DMICKQUEZ TENNELL RAY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Fayetteville Police Department assigned to a task force of the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 5 November 2013 with possession of a firearm and ammunition by a felon on or about 20 July 2013 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges arise from a

voluntary encounter by police with defendant in the parking lot of a convenience store on the night of the alleged offense.  When the officer driving the unmarked police car identified himself to defendant as a policeman and told defendant he needed to speak with him, defendant fled on foot.  A pursuing officer saw defendant throw a backpack over a fence, in which police subsequently found the gun subject to the indictment, a loaded 9 millimeter pistol.  Officers eventually apprehended defendant after a brief struggle.  Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and the pistol had travelled in interstate commerce.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons:  evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the pistol, the substantial term of imprisonment defendant faces if convicted, and defendant's flight from arresting officers; defendant's criminal record, including 3 felony convictions, 10 misdemeanor convictions (assuming the various traffic convictions were misdemeanors), and his consistent violation of probation; regarding probation specifically, each of the 8 times defendant has been on it since 1997, he has committed offenses and/or been revoked; the danger of continued gun-related offense conduct by defendant if released; the unsuitability of the proposed third-party custodial arrangement due to defendant's demonstrated failure to recognize the proposed custodian as an authority figure and the extent of the risk of flight and danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. In particular, the fact that there was no evidence that defendant has violated his pretrial release in the state case arising from the instant offense conduct for the approximately eight months since being placed on it (in October 2013) is offset by defendant's consistent violation of the terms of probation over the course of decades, along with the other evidence supporting detention.

### Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of June 2014.

_____
James E. Gates
United States Magistrate Judge